IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KAREEM STANSBURY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 18-1066 |
| DISTRICT ATTORNEY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                      **April 10, 2020**

      In this petition for writ of habeas corpus, pro se Petitioner Kareem Stansbury alleges his due process right to a speedy appeal was violated. Stansbury argues this right was violated because the Pennsylvania Superior Court decided his appeal approximately 18 months after he filed his notice of appeal. Upon review of Stansbury's petition, United States Magistrate Judge Richard A. Lloret recommended this Court deny Stansbury's petition because Stansbury's claim was not exhausted in the state courts and is meritless. Stansbury filed objections to Judge Lloret's recommendation. For the reasons stated below, the Court will overrule Stansbury's objections and deny his petition.

**BACKGROUND**

      On May 26, 2016, following a jury trial in the Philadelphia Court of Common Pleas, Stansbury was found guilty of attempted murder, aggravated assault, and violating the uniform firearms act. Stansbury was sentenced on October 26, 2016, after some delays in his original sentencing hearing. Stansbury filed a timely notice of appeal the same day.

      The Superior Court affirmed Stansbury's conviction on April 17, 2018, after the Superior Court experienced delay in receiving the trial court record, transcripts, and trial court opinion for appeal. The delay included approximately seven months in which the Common Pleas Court did

not provide the trial court record or file its opinion. During this time, Stansbury filed motions and applications to compel the trial court to submit the record and opinion. Stansbury also filed a "Motion to Dismiss For Violation of a Speedy Appeal," which the Superior Court denied without opinion.

After the Superior Court received the trial record and opinion, it informed Stansbury that his appeal was listed for submission on briefs without oral argument on February 12, 2018. The Superior Court then affirmed Stansbury's conviction, approximately two months later, on April 17, 2018. In sum, Stansbury waited 17 months and 23 days from the date of his sentencing until the date his conviction was affirmed by the Superior Court.

After his conviction was affirmed, Stansbury filed a timely pro se petition for collateral review pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA) on May 15, 2018. Stansbury's petition raised two issues, neither of which addressed the alleged violation of his speedy appeal right. Although Stansbury filed a pro se PCRA petition, Stansbury was also appointed counsel. Stansbury's appointed counsel filed a no-merit letter stating Stansbury had raised no meritorious issues and recommending Stansbury's petition be dismissed. Stansbury's PCRA petition was dismissed on January 4, 2019, and the Superior Court affirmed the dismissal on September 5, 2019.

Stansbury filed this petition for writ of habeas corpus on March 12, 2018, before the Superior Court issued its decision on Stansbury's direct appeal. In this petition, Stansbury seeks relief because his due process right to a speedy appeal was violated. He alleges the trial court intentionally disregarded deadlines in submitting the trial record and its opinion to the Superior Court. He also alleges the Superior Court dismissed his motion asserting his speedy appeal right

without reason. At the time this petition was filed, 16 months had passed without a disposition of Stansbury's case.

On September 20, 2019, United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R) recommending Stansbury's petition be dismissed without an evidentiary hearing because the claim was not exhausted and is meritless. The R&R also recommended no certificate of appealability be issued because Stansbury has not made a substantial showing of the denial of a constitutional right. Stansbury filed objections to the R&R on October 3, 2019. The Court now reviews Stansbury's objections.

**DISCUSSION**

Because Stansbury's objections are without merit, the Court will overrule each of them. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report . . . to which objection is made." Stansbury's objections include: (1) the R&R overlooked Stansbury's fair presentation of his claim to the state courts; (2) the R&R applied the incorrect standard for determining whether Stansbury's speedy appeal right was violated; (3) the factfinding "procedure of just reviewing documents was not adequate"; and (4) the R&R's recommendation that a certificate of appealability should not issue was incorrect because a "reasonable jurist would find debatable whether [Stansbury's] due process rights were violated." Objs. 1–2.

Stansbury has not met his burden to establish he exhausted his claim in state court, and the Court will thus overrule his first objection. In this objection, Stansbury argues the R&R failed to recognize he exhausted his claim because he filed a "Motion to Dismiss For Violation of a Speedy Appeal" in his direct appeal—which was dismissed without opinion. *See* Objs. 1; Pet. 6. Pursuant to 28 U.S.C. § 2254(b), a petitioner in state custody must have "exhausted the remedies available in the courts of the State" before a federal court may grant a habeas petition. A petitioner exhausts

state remedies by raising his federal claims in "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The question or claim "must have been 'fairly presented' to the state courts." *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *McCandless v. Vaugh*, 172 F.3d 255, 261 (3d Cir. 1999) (noting for a claim to have been fairly presented, "a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted").

As an initial matter, Stansbury did raise his speedy appeal claim on direct appeal of his case. *See* Pet. Ex. F (order dismissing Stansbury's "Motion to Dismiss For Violation of a Speedy Appeal Under the State and Federal Due Process Clause"). Although Stansbury filed a motion, he did not raise the issue in his statement of issues complained of on appeal. The Court notes, however, the difficulty in asserting the right to a speedy appeal in such a manner, considering the right was allegedly violated during the appeal.

During PCRA review, Stansbury did not raise the speedy appeal claim at all, as the R&R noted. Nonetheless, a petitioner who has raised an issue on direct appeal is not required to raise it again in a state post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). As a result, Stansbury sufficiently raised the speedy appeal claim for purposes of exhaustion.

Although Stansbury raised the claim, there is insufficient evidence in the record to determine whether it was fairly presented to the state court on appeal. The state record in this case does not include a copy of Stansbury's motion. Stansbury also has not attached a copy to his petition. The title of the motion nonetheless explicitly states a claim under both the state and federal Due Process Clause. *See* Pet. Ex. F; *see also McCandless*, 172 F.3d at 261 (stating claim must put

state courts on notice of federal claim being asserted). Without the substance of that motion, however, the Court cannot determine whether this issue was "fairly presented" to the state courts. *See id.* at 261 (stating similar state law claim is insufficient to fairly present claim and requiring "factual and legal substance" to implicate a federal claim by relying on federal cases, employing constitutional analysis, or asserting a claim within the mainstream of constitutional litigation). Therefore, the Court cannot opine on whether Stansbury exhausted this claim in the state courts during his direct appeal.

The Court will nevertheless overrule Stansbury's objection because he "carries the burden of proving exhaustion of all available state remedies." *See Lambert*, 134 F.3d at 513. In Stansbury's objection he merely states his petition's "statement of facts [laid] out how the claim was fairly presented in the state courts." Objs. 1. Stansbury's petition, however, only lists the procedural history of his appeal and states the Superior Court denied his motion asserting his speedy appeal right. These allegations are insufficient for Stansbury to meet his burden of proving exhaustion. *Cf. Keller*, 251 F.3d at 414–15 (holding petitioner did not meet burden to fairly present federal claim after reviewing petitioner's briefs to the state court with insufficient references to federal issues). The Court will thus overrule Stansbury's first objection.

Assuming Stansbury fairly presented this issue to the Superior Court on his direct appeal, or "notwithstanding the failure of [Stansbury] to exhaust" the issue, *see* 28 U.S.C. § 2254(b)(2), the Court will address the merits of his speedy appeal claim. By addressing the merits, the Court also addresses Stansbury's second objection regarding the applicable standard for speedy appeal violations.

The Court will overrule Stansbury's second objection because the R&R used the appropriate standard in concluding Stansbury's right to a speedy appeal was not violated.

5

Stansbury asserts the state courts violated his due process right to a speedy appeal pursuant to the Fourteenth Amendment. Although the Supreme Court has not recognized such a right, the Third Circuit has recognized the Due Process Clause guarantees a reasonably speedy appeal if the state has chosen to give defendants the right to appeal. *See Simmons v. Beyer*, 44 F.3d 1160, 1169 (3d Cir. 1995). A speedy appeal claim is analogous to a speedy trial claim, and the Court thus applies the speedy trial factors articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether Stansbury's right to a speedy appeal was violated. *See Simmons*, 44 F.3d at 1169.

When examining an alleged speedy appeal violation, the Court looks to four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *See Barker*, 407 U.S. at 530. In looking to these factors, the Court should consider "whether the delay has frustrated the defendant's chances for success and thereby called the reliability of the proceeding into question." *Heiser v. Ryan*, 813 F. Supp. 388, 396 (W.D. Pa. 1993), *aff'd*, 15 F.3d 299 (3d Cir. 1994).

The R&R applied the above standards in concluding Stansbury's petition is without merit. *See* R. & R. 10 n.13. The R&R, however, did not find Stansbury's 18-month delay was "presumptively prejudicial" which he argues triggers further evaluation in the remaining *Barker* factors. As a result, Stansbury objects to the R&R's analysis. The Court will therefore apply the *Barker* factors and "presumptive prejudice" standard in accordance with Stansbury's objection.

The length of the delay in this case was approximately 18 months. The Pennsylvania Superior Court Statistics from 2018 state the median number of days from docket date to disposition by filed decision is approximately 318 days. *See* Pa. Super. Ct., *Annual Report of Statistics* 10 (2018), http://www.pacourts.us/assets/files/setting-3829/file-7736.pdf?cb=9a379b. The length of time to reach Stansbury's disposition, after approximately 538 days, is thus an

outlier. The length of delay thus weighs slightly in favor of finding a speedy appeal violation. *See* R. & R. 12 n.14 ("[E]ighteen months does not strike me as outside the bounds of reasonableness." (citing *Simmons*, 44 F.3d at 1169)).

The reason for the delay, as far as the record shows, is largely attributable to the state courts. The trial court missed multiple deadlines in filing the trial record and in filing its opinion. The Court recognizes, as the R&R discussed, the trial court wrote a lengthy opinion addressing Stansbury's 27 separate issues on appeal. And, although Stansbury alleges the delay was intentional, he has offered no evidence of intentional conduct on behalf of the courts. Without such evidence, it appears the trial court simply needed more time to provide the record and opinion. This factor weighs only slightly in favor of finding a violation. *See Thornton v. Kearney*, No. 97-585, 1999 WL 588296, at *4 (D. Del. July 22, 1999) (finding reason for delay factor neutral without evidence of intentional delay by the state).

The third factor focuses on whether the petitioner asserted his right to a speedy appeal. Stansbury filed a motion in which he explicitly stated his right to a speedy appeal. The contents of that motion are not within the state court record provided to this Court. But the title of the motion explicitly states "Motion to Dismiss For Violation of a Speed Appeal Under The State and Federal Due Process Clause." Also, Stansbury filed this petition before the Superior Court affirmed his conviction, placing the Commonwealth on notice of Stansbury's asserted right. The Court finds Stansbury asserted his right and this factor weighs in favor of finding a violation.

The final factor is prejudice. Prejudice in the speedy appeal context is viewed slightly differently than prejudice in the speedy trial context. *See Simmons*, 44 F.3d at 1170. Prejudice is viewed in light of three interests to promote speedy appeals: (1) prevention of oppressive incarceration; (2) minimization of anxiety and concern of those convicted awaiting the outcome

of their appeals; and (3) limiting the possibility that the defendant's grounds for appeal and his defenses in case of reversal and retrial might be impaired. *Id.* In light of the Superior Court's decision affirming Stansbury's conviction, the Court finds little prejudice, if any, in this case.

First, a defendant's incarceration is not oppressive, but rather, is reasonable when the conviction is ultimately affirmed. *See Proudfoot v. Vaughn*, No. 94-590, 1997 WL 381590, at *4 (E.D. Pa. July 2, 1997). In this case, the Superior Court affirmed Stansbury's conviction. Stansbury's incarceration was thus reasonable, not oppressive, and there is little prejudice in this interest.

Second, any delay-related anxiety is minimal in the context of appeals because once a defendant has been convicted, there is a presumption the adjudication of guilt was valid. *See id.* Also, Stansbury has not alleged any suffering from anxiety or concern for the delays in his appeal. *See Thornton*, 1999 WL 588296, at *5 (finding the anxiety interest unharmed where petitioner did not allege such suffering).

Third, there is no evidence the delay in Stansbury's appeal harmed his grounds for appeal or his defenses in case of reversal or retrial. On this point, Stansbury argues his defense was impaired in the event a new trial was issued due to witness memory loss. This argument is meritless. Stansbury cannot rely on hypothetical impairment as the basis for prejudice in his speedy appeal claim. *See Simmons*, 44 F.3d at 1170 ("If [petitioner] had received an adequate and effective, though excessively delayed appeal, then the issue of prejudice would become more difficult."). Stansbury must show actual prejudice—an actual impairment of his defenses or grounds for appeal which are attributable to the delay. *See id.* And he has failed to do so.

The delay in this case arose from the filing of the trial record and the trial court's opinion. Ultimately, the length of time spent on the trial court's opinion proved well-spent because the

Superior Court adopted the opinion as its own in affirming Stansbury's conviction. Stansbury has not alleged, and the Court does not find, the delay in producing the trial record or opinion harmed Stansbury's right to a speedy appeal.

Contrary to Stansbury's objection, the R&R employed the above standards in addressing the merits of his speedy appeal claim. Stansbury nevertheless cites to *United States v. Claxton*, to argue the R&R should have applied a presumptive prejudice standard in analyzing his claim. According to Stansbury, where a delay is greater than 14-months, a defendant is presumptively prejudiced. *See Claxton*, 766 F.3d at 294. In *Claxton*, in the speedy trial context, the Third Circuit presumed prejudice in the length of time factor because the defendant waited nearly three and a half years from indictment to trial, such that it warranted inquiry into the remaining factors to determine whether a violation occurred. *See id.* at 294. Although the presumed prejudice required inquiry into the remaining factors, once the Third Circuit reached the prejudice factor, it ultimately found the petitioner was not entitled to presumptive prejudice. *See id.* at 296–97.

Even though the *Claxton* standard requires a finding of presumptive prejudice, the Third Circuit has not yet decided whether a situation may exist where a court can "presume prejudice in a post-conviction delay context" rather than the pre-trial context. *See Heiser*, 15 F.3d at 304. Nonetheless, even where a length of time is "presumptively prejudicial," as Stansbury argues, that length of time does not alter the petitioner's burden upon reaching the prejudice factor of the analysis. *See Claxton*, 766 F.3d at 296–97. After conviction, "only unusual or specific problems of personal prejudice will cause a due process violation." *United States v. Joseph*, 648 F. App'x 244, 247 (3d Cir. 2016). Even where other factors weigh in favor of finding a violation, the absence of prejudice weighs heavily towards finding no violation—except in rare circumstances. *See id.*

As discussed above, Stansbury has not shown prejudice and *Claxton* does not warrant a different conclusion.

In sum, three factors weigh slightly in favor of granting relief. Without prejudice, however, the extraordinary relief of granting Stansbury's petition, his unconditional release, or a new trial is unwarranted. *See Simmons*, 44 F.3d at 1171 (stating where a claim on appeal is ultimately without merit, "the prejudice stemming from the delay alone would be a slender reed on which to support [petitioner's] unconditional release"). The basis of this petition is on grounds unrelated to the merits of Stansbury's case or adjudication of guilt. On balance, the Court concludes Stansbury's due process right to a speedy appeal was not violated because he was not prejudiced by the delay in his direct appeal. As a result, Stansbury's claim does not entitle him to habeas corpus relief.[1] The Court will overrule Stansbury's objection on this point.

The Court will overrule Stansbury's third objection because he is not entitled to an evidentiary hearing. In this objection, he states the facts of his case are in dispute and believes Judge Lloret should have conducted an evidentiary hearing to resolve these factual disputes. This objection lacks merit. Pursuant to 28 U.S.C. § 2254(e)(2), if a petitioner failed to develop the

---

[1] Even if Stansbury did suffer prejudice, granting Stansbury's petition, in which he seeks dismissal of his charges and his unconditional release, is not warranted. *See Heiser*, 15 F.3d at 302 ("There have been rare situations where the federal courts have been obliged to grant the writ because of excessive delay in state post-conviction proceedings."). The remedy in the context of a speedy appeal violation is usually to "fashion[] a remedy designed to spur the state courts to fulfilling their constitutional violations to the defendant." *Id.* (citing cases in which courts grant writ unless state hears petitioner's appeal within certain period of time).

In this case, Stansbury's appeal has been heard and he has received a final disposition. He has also proceeded through PCRA proceedings and filed other habeas corpus petitions in this Court. The Court cannot fashion a remedy through granting Stansbury's petition to remedy the delay Stansbury experienced. This petition is no longer the appropriate avenue for Stansbury to seek relief for any delay he experienced in his direct appeal. *See Douglas v. Hendricks*, 236 F. Supp. 2d 412, 439 (D.N.J. 2002) ("When extreme circumstances are not present, even if a due process violation is found, the writ of habeas corpus should not issue. Rather, [p]etitioner's relief should be in a suit for damages under 42 U.S.C. § 1983." (internal citations omitted)).

factual basis of his claim, the court shall not hold an evidentiary hearing without certain narrow circumstances present. Stansbury has not shown his case falls within the narrow cases in which an evidentiary hearing would be appropriate. The Court will thus overrule this objection.

The Court will overrule Stansbury's final objection because he is not entitled to a certificate of appealability. In this objection, Stansbury argues reasonable jurists might differ on the conclusion of whether his right was violated warranting the issuance of a certificate of appealability. The Court will overrule this objection because the Court agrees with the R&R; Stansbury has not made a substantial showing of the denial of a constitutional right, i.e., reasonable jurists would debate the correctness of the procedural and substantive aspects of this ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Stansbury has not suffered prejudice due to the delay in his direct appeal because his conviction has been affirmed. Without prejudice, he has not made a substantial showing that his right to a speedy appeal was violated. *See Heiser*, 15 F.3d at 302 (discussing prejudice in speedy appeal context after remand to district court to determine whether petitioner suffered any prejudice due to delay). Therefore, the Court will overrule Stansbury's final objection and will not issue a certificate of appealability.

**CONCLUSION**

Although the Court need not address whether Stansbury exhausted his claim in this petition in the state courts, Stansbury is not entitled to relief on the merits of his petition. The R&R applied the correct standard in concluding Stansbury's due process right to a speedy appeal was not violated. Accordingly, the Court will overrule Stansbury's objections to the R&R and deny his petition for writ of habeas corpus.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.